# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF SOUTH DAKOTA

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**


**IRVIN N. HOYT**                                                    **TELEPHONE (605) 224-0560**

**BANKRUPTCY JUDGE**                                                 **FAX (605) 224-9020**


February 28, 2006


John H. Mairose, Esq.
2640 Jackson Boulevard, # 3
Rapid City, South Dakota  57702

Carissa Weimer, Manager
Cash With Us
406 East North Street
Rapid City, South Dakota  57701

> Subject:  ***In re Shelly Ann Fischer***
> Chapter 7; Bankr. No. 04-50618

Dear Mr. Mairose and Ms. Weimer:

The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgment[s] Voided in Bankruptcy filed by Debtor on February 8, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014.  As set forth below, the Court concludes that Debtor's motion must be granted.[1]

**Summary.**  On September 23, 2004, Cash With Us obtained a judgment against Shelly Ann Fischer in state court for $317.50 plus costs and interest.  On November 16, 2004, Shelly Ann Fischer ("Debtor") filed for relief under chapter 7 of the bankruptcy code. Debtor listed Cash With Us as a creditor on her Schedule F.

On November 18, 2004, the Bankruptcy Clerk served notice of commencement of the case on Debtor's creditors, including Cash With Us.  The notice of commencement of case clearly stated the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was February 14, 2005.

Neither Cash With Us nor any of Debtor's other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt.  On February 15, 2005, Debtor was therefore granted a discharge under § 727 of the bankruptcy code.

On February 8, 2006, Debtor filed a Motion for Order Directing Clerk of Court to Discharge Judgment[s] Voided in Bankruptcy. Cash With Us's judgment was listed in Debtor's motion.  On February 15,

---

[1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re:  *Shelly Ann Fischer*
February 28, 2006
Page 2


2006, Cash With Us filed an objection to Debtor's motion, in which it described Debtor's failure to pay or make arrangements to pay the debt owed to it.

**Discussion.**   Section 524(a)(1) of the Bankruptcy Code provides:

(a)  A discharge in a case under this title –

(1)  voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment.  The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed.  When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided.  Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket.  This has the effect of discharging the listed judgments from and after that date.

In this case, Cash With Us received timely notice of Debtor's bankruptcy.  It did not object to Debtor's discharge or to the dischargeability of its claim.  Its claim was therefore discharged on February 15, 2005.  Its judgment was voided on that same date. Debtor is therefore entitled to the relief requested in her motion.

The Court will enter an appropriate order.

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

INH:sh

cc:  case file (docket original; copies to parties in interest)